IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal Action No. 1:22-66-RGA<br>KYLE STEVENS, )<br>)<br>Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Carly A. Hudson, Assistant United States Attorney, and the defendant, Kyle Stevens, by and through his attorney, Conor Wilson, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to: Counts 1 through 10 of the Indictment, each of which charges the defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Counts 11 through 17 of the Indictment, each of which charges the defendant with Money Laundering, in violation of Title 18, United States Code, Section 1957.

2.  The defendant understands that the maximum penalties for Counts 1 through 10 are, as to each Count: 20 years of imprisonment; a $250,000 fine or twice the gross gain or loss from the offense, whichever is greater; 3 years of supervised release; restitution; and a $100 special assessment.

3.  The defendant understands that the maximum penalties for Counts 11 through 17 are, as to each Count: 10 years of imprisonment; a $250,000 fine or twice

the gross gain or loss from the offense, whichever is greater; 3 years of supervised release; restitution; and a $100 special assessment.

4. The defendant understands that if there were a trial with regard to Counts 1 through 10, the government would have to prove the following elements beyond a reasonable doubt as to each Count: (1) the defendant knowingly devised a scheme to defraud or to obtain money by materially false or fraudulent pretenses, representations or promises; (2) the defendant acted with the intent to defraud; and (3) in advancing, furthering, or carrying out the scheme, the defendant transmitted or caused to be transmitted a writing by means of a wire communication in interstate commerce. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Counts 1-10.

5. The defendant understands that if there were a trial with regard to Counts 11 through 17, the government would have to prove the following elements beyond a reasonable doubt as to each Count: (1) the defendant engaged in a monetary transaction which had some effect on interstate or foreign commerce; (2) the monetary transaction involved criminally derived property from a specified unlawful activity, that is wire fraud, with a value greater than $10,000; and (3) the defendant did so knowingly. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Counts 11-17.

6. The defendant is pleading guilty to Counts 1 through 17 because he is, in fact, guilty.

7.  Pursuant to Section 6B1.4 of the November 1, 2023, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

   a. For Counts 1 through 10, pursuant to U.S.S.G. § 2B1.1(b)(1)(I), the amount of loss, including relevant conduct as defined in U.S.S.G. § 1B1.3, is $1,520,164.14, and the base offense level is 23;

   b. For Counts 1 through 10, pursuant to U.S.S.G. § 2B1.1(b)(10)(B), because the defendant committed a substantial part of the fraudulent scheme outside the United States, a two offense-level enhancement applies;

   c. For Counts 1 through 10, pursuant to U.S.S.G. § 2B1.1(b)(17)(A), because the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense, a two offense-level enhancement applies;

   d. For Counts 11 through 17, pursuant to U.S.S.G. § 2S1.1, because the offense level for the underlying offense is 27, the base offense level for the money laundering offenses is 27;

   e. For Counts 11 through 17, pursuant to U.S.S.G. § 2S1.1(b)(2)(A), because the defendant was convicted under 18 U.S.C. § 1957, a one offense-level enhancement applies;

3

  f. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

  8. The parties will not seek variances or departures from the Sentencing Guidelines range as calculated by the Court, inasmuch as that range is reflective of the Guidelines range as outlined in paragraph 7 above.

9. The defendant will enter into Memoranda of Plea Agreement in Criminal Action Numbers 1:22-65-RGA and 1:22-66-RGA contemporaneously. A copy of the companion Memorandum of Plea Agreement is included herein as Attachment B. The government recommends, and the defendant does not oppose, that the sentences imposed in each of those cases run consecutively.

10. Other than the above-stated agreement, the United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

11. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

12. The defendant agrees to forfeit, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A) (as to bank or wire fraud involving financial institutions as charged in Counts 1, 2, 3, 4, and 6 of the Indictment) and 18 U.S.C. § 981(a)(1)(C) (as to wire fraud involving theft of government funds as charged in Counts 5, 7, 8, 9, and 10 of the Indictment), the sum of money equal to the proceeds derived from the offenses, including but not limited to $1,428,664.14, and the contents of (a) WELLS FARGO CHECKING Account #XXX2810; (b) WELLS FARGO WAY2SAVE SAVINGS Account #XXX5270; (c) FIDELITY INVESTMENTS Account #XXX7502; (d) CHARLES SCHAWB Account #XXX8916; (e) VANGUARD Account #XXX0597; (f) ROBINHOOD Account #XXX7435; (g) SPARKASSE Account #DEXXX0367; and (h) VOLKSBANK Account #DEXXX2404.

13. The defendant also agrees to forfeit, pursuant to 18 U.S.C. § 981(a)(1), any property, real or personal, involved in money laundering as charged in Counts 11 through 17 of the Indictment, and any property traceable to such property, including but not limited to: a sum of money equal to the proceeds derived from the offense and the contents of (a) WELLS FARGO CHECKING Account #XXX2810; (b) WELLS FARGO WAY2SAVE SAVINGS Account #XXX5270; (c) FIDELITY INVESTMENTS Account #XXX7502; (d) CHARLES SCHAWB Account #XXX8916; (e) VANGUARD Account #XXX0597; (f) ROBINHOOD Account #XXX7435; and (g) SPARKASSE Account #DEXXX0367.

14. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

15. The defendant agrees to pay the $1,700 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts 1 through 17, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of

defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

16. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

17. Pursuant to 18 U.S.C. §§ 3663 and 3663A, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities as ordered by the Court. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea.

18. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

    a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party. No later than thirty (30) days subsequent to the defendant's change of plea hearing, the defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the

        USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosure set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

b.   Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosure set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the discretion of the government, the defendant will participate in a deposition in aid of collection of restitution, which may occur any time between entry of the guilty plea and entry of judgment.

c.   Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct

9

inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

///

19. It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

|  |  |
|---|---|
| _____<br>Conor Wilson, Esquire<br>Attorney for Defendant | DAVID C. WEISS<br>UNITED STATES ATTORNEY<br><br>By: _____<br>Carly A. Hudson<br>Assistant United States Attorney |
| _____<br>Kyle Stevens, Defendant | |

Dated: 5/29/24

**AND NOW**, this 29th day of May, 2024, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE