IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KYLE STEVENS, )<br>)<br>Defendant. ) | Criminal Action No. 1:22-66-RGA |

## **ATTACHMENT B**

The Memorandum of Plea Agreement filed in Criminal Action No. 1:22-65-RGA follows as Attachment B.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 1:22-65-RGA |
| KYLE STEVENS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Carly A. Hudson, Assistant United States Attorney, and the defendant, Kyle Stevens, by and through his attorney, Conor Wilson, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to: Counts 1 and 2 of the Indictment, each of which charges the defendant with Stalking in violation of Title 18, United States Code, Section 2261A(2), and Counts 3 through 7 of the Indictment, each of which charges the defendant with Threats, in violation of Title 18, United States Code, Section 875(c).

2. The defendant understands that the maximum penalties for Counts 1 through 7 are, as to each Count: 5 years of imprisonment; a $250,000 fine; 3 years of supervised release; restitution; and a $100 special assessment.

3. The defendant understands that if there were a trial with regard to Counts 1 and 2, the government would have to prove the following elements beyond a reasonable doubt as to each Count: (1) the defendant used an instrumentality of interstate or foreign commerce; (2) the defendant did so to engage in a course of

conduct that caused substantial emotional distress to another person or placed that person in reasonable fear of the death of, or serious bodily injury to, that person; and (3) the defendant did so with the intent to kill, injure, harass, or intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Counts 1 and 2.

4.  The defendant understands that if there were a trial with regard to Counts 3 through 7, the government would have to prove the following elements beyond a reasonable doubt as to each Count: (1) the defendant knowingly transmitted a communication in interstate or foreign commerce; (2) the content of the communication contained a true threat to kidnap or injure; and (3) the defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Counts 3 through 7.

5.  The defendant is pleading guilty to Counts 1 through 7 because he is, in fact, guilty.

6.  Pursuant to Section 6B1.4 of the November 1, 2023, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

a. For Counts 1 and 2, pursuant to U.S.S.G. § 2A6.2(a), the base offense level is 18;

b. For Counts 1 and 2, pursuant to U.S.S.G. § 2A6.2(b)(1)(E), because defendant engaged in a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim, a two offense-level enhancement applies;

c. For Counts 3 through 7, pursuant to U.S.S.G. § 2A6.1, the base offense level is 12;

d. For Counts 3 through 7, pursuant to U.S.S.G. § 2A6.1(b)(2)(A), because the offense involved more than two threats, a two offense-level enhancement applies;

e. For the combined offense level for Counts 1 through 7, pursuant to U.S.S.G. § 3D1.4, because the offenses of conviction involve two victims, a two offense-level enhancement applies;

f. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level

3

reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7. The parties will not seek variances or departures from the Sentencing Guidelines range as calculated by the Court, inasmuch as that range is reflective of the Guidelines range as outlined in paragraph 6 above.

8. The defendant will enter into Memoranda of Plea Agreement in Criminal Action Numbers 1:22-65-RGA and 1:22-66-RGA contemporaneously. A copy of the companion Memorandum of Plea Agreement is included herein as Attachment B. The government recommends, and the defendant does not oppose, that the sentences imposed in each of those cases run consecutively.

9. Other than the above-stated agreement, the United States retains the right to make whatever recommendations at the time of sentencing that it believes

4

are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

10. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

11. The defendant agrees to forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461 any and all interests in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the

forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

12.  The defendant agrees to pay the $700 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts 1 through 7, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

13.  This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent,

6

however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

14.  Pursuant to 18 U.S.C. § 2264, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities as ordered by the Court.  The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea.

15. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

_____
Conor Wilson, Esquire
Attorney for Defendant

DAVID C. WEISS
UNITED STATES ATTORNEY

By:_____
Carly A. Hudson
Assistant United States Attorney

_____
Kyle Stevens, Defendant

Dated: 5/24/24

AND NOW, this 29th day of May, 2024, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

8